L. Michael Mackey, Esq. Informal Opinion Town Attorney No. 97-9 Town of Westerlo Box 148 Westerlo, N Y 12193
Dear Mr. Mackey:
You have asked whether the deputy town clerk/receiver of taxes, who was appointed by the town clerk and serves part time, may be appointed to fill a vacancy created when one of the town's three elected assessors resigned.
Town Law § 20(4) provides that no one may hold more than one elective town office. Thus, one person could not serve as elected assessor and town clerk/receiver of taxes. As you point out, the deputy is appointed by the clerk and does not hold an elective office. We are aware of no statutory provision that bars a person from serving simultaneously as a part time deputy to the town clerk/receiver of taxes and as an assessor.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v. Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that the principle equally covers an office and a position of employment or two positions of employment. Also, where positions are compatible, a conflict of interests may arise out of the simultaneous holding of the positions. The conflict can be avoided by declining to participate in the disposition of the particular matter.
Counsel to the former State Board of Equalization and Assessment (now office of Real Property Services) has concluded that the offices of appointed town assessor and tax collector are compatible. 6 Op Counsel SBEA No. 55. In that opinion, counsel noted that the duties of the tax collector are ministerial in contrast to those of the assessor which involve a great deal of discretion. Counsel also noted that the functions of one office will not interfere with the other.
 In regard to a particular assessment roll, the duties of the assessor have been completed and his jurisdiction regarding the roll has ended before the warrant is attached. Only after the warrant is attached does the assessment roll become the tax roll regarding which the collecting officer performs his duties.
In our view, the same rationale applies here. There appears to be no overlap of duties between the assessor and the deputy town clerk/receiver of taxes. Moreover, there appears to be no inconsistency between the duties of the two. The particular duties of each deputy are to be determined by the town clerk. Town Law § 30(10). The clerk's duties include maintaining the books and records of the town, making records of meetings and resolutions, certifying appointments and issuing licenses and permits. Id., § 30. Assisting in these duties or carrying them out in the absence of the town clerk would not overlap or conflict with the duties of the assessor. Accordingly, we conclude that the offices are compatible and may be held by one person.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General